

GEORGIA M. PESTANA
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Amy Robinson
*Senior Counsel*
arobinso@law.nyc.gov
Phone: (212) 356-3518
Fax: (212) 356-1148

August 3, 2021

**By ECF**
Honorable Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  In Re: *Andrew Smith v. The City of New York, et al.*,
     21-cv-3096 (DG) (TAM)

Your Honor:

  I am Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York. On July 23, 2021, the Court directed defendants to answer the Complaint in the above-caption matter by July 30, 2021. (Dkt. No. 11). Defendants write to respectfully request a *nunc pro tunc* extension of time to answer the Complaint from July 30, 2021, to August 16, 2021. Plaintiff consents to this request.

  Here, defendants' failure to answer the Complaint was an unfortunate oversight, which defendants became aware of yesterday evening. It was purely by accident that the Complaint was not answered in this matter.

  Importantly, there was no bad faith on the part of defendants; it was simply an oversight. Further, because plaintiff has not filed a motion for a default judgment, and has indeed consented to the extension of time to answer, this request should be treated as a request for an extension of time to answer pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. See e.g., *Olivieri v. Waldbaum, Inc.*, No. 12-cv-1195 (SLT), 2014 U.S. Dist. LEXIS 66406, at *2 (E.D.N.Y. May 14, 2014), citing *Alli v. Steward-Bowden*, 2012 U.S. Dist. LEXIS 122996 (S.D.N.Y. August 24, 2012) (finding that a late answer filed prior to default being entered was appropriately analyzed filed under Rule 6). Rule 6(b) of the Federal Rules of Civil Procedure "allows the Court to extend the deadline to file an Answer 'for good cause,' which is . . . a discretionary decision." *Turner v. City of New York*, 14 Civ. 7236 (RWS), 2015 U.S. Dist. LEXIS 61612, at *2 (S.D.N.Y. May 8, 2015). "Good cause is usually not difficult to show, and: an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (internal quotation marks and citation omitted), aff'd 569 F. App'x 25, 2014 U.S. App. LEXIS 10903 (2d Cir. 2014). Indeed, "the Second Circuit 'has expressed on numerous

occasions its preference that litigation disputes be resolved on the merits, not by default.'" *Luo v. Baldwin Union Free Sch. Dist.*, No. 12-CV-073(JS)(AKT), 2014 U.S. Dist. LEXIS 112086, at *8 (E.D.N.Y. Aug. 12, 2014) (citations omitted). "There is no question but that dismissal of a pleading is the most drastic sanction [...]." *Flaks v. Koegel*, 504 F.2d 702, 708 (2d Cir. 1974).

Defendants apologize to the Court for this oversight. It is not our practice to let a deadline slip. As there was no bad faith on defendants' part and plaintiff consents to a short extension, defendants are therefore hopeful that the Court will *nunc pro tunc* extend defendants' time to answer the Complaint, so that the litigation of this matter can continue.

Defendants thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson*
*Senior Counsel*
Special Federal Litigation Division

cc: All Counsel of Record (*via* ECF)