UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| ANDREW SMITH, | **ANSWER TO COMPLAINT** |
| Plaintiff, | 21-CV-3096 (DG)(TAM) |
| -against- | **Jury Trial Demanded** |
| CITY OF NEW YORK, et al, | |
| Defendants. | |

------------------------------------------------------------------------ x

Defendants City of New York, Mayor Bill de Blasio, and Police Commissioner Dermott Shea, by their attorney Georgia M. Pestana, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

## **PRELIMINARY STATEMENT**

Deny the allegations set forth in the preliminary statement.

1. Deny the allegations set forth in Paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed and to invoke the jurisdiction of the Court as stated therein.

2. Deny the allegations set forth in Paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed and to invoke the jurisdiction of the Court as stated therein.

3. Deny the allegations set forth in Paragraph "3" of the Complaint, except admit that Plaintiff purports to establish venue as stated therein.

4. State that this paragraph contains a jury demand to which no response is necessary.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint

6. Deny the allegations set forth in Paragraph "6" of the Complaint insofar as it contains averments of fact, except admit that New York City is a municipal corporation duly organized and exiting under the laws of the State of New York; insofar as it contains conclusions of law, no response is required.

7. Deny the allegations set forth in Paragraph "7" of the Complaint insofar as it contains averments of fact, except admit that Defendant City maintains a police department, and refers the Court to the New York City Charter and Administrative Code for the relationship between Defendant City and the New York City Police Department ("NYPD")

8. Deny the allegations set forth in Paragraph "8" of the Complaint insofar as it contains averments of fact, except admit that on May 30, 2020 Bill de Blasio was the Mayor of the City of New York; insofar as it contains conclusions of law, no response is required.

9. Deny the allegations set forth in Paragraph "9" of the Complaint insofar as it contains averments of fact, except admit that on May 30, 2020 Dermot Shea was the Police Commissioner of the City of New York; insofar as it contains conclusions of law, no response is required.

10. Deny knowledge or information of the allegations set forth in Paragraph "10" of the Complaint insofar as it contains averments of fact, except admit that on May 30, 2020 Police Officer Michael Shea was a New York City Police Officer; insofar as it contains conclusions of law, no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Deny the allegations set forth in Paragraph "16" of the Complaint, except admit that P.O. Sher was on duty in Brooklyn during the evening hours of May 30, 2020.

17. Deny the allegations set forth in Paragraph "17" of the Complaint, except admit that a number of NYPD officers were on duty in Brooklyn during the evening hours of May 30, 2020.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Deny the allegations set forth in Paragraph "19" of the Complaint.

20. Deny the allegations set forth in Paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint, but admit protestors were given orders by police officers.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23. Deny the allegations set forth in Paragraph "23" of the Complaint.

24. Deny the allegations set forth in Paragraph "24" of the Complaint, except admit P.O. Sher came into contact with individuals of all races.

25. Deny the allegations set forth in Paragraph "25" of the Complaint, except admit P.O. Sher came into contact with individuals of all races.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint.

30. Deny the allegations set forth in Paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "31" of the Complaint.

32. Deny the allegations set forth in Paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint.

34. In response to paragraph "34 of the Complaint defendants deny that P.O. Sher "snatched" the facemasks off anyone.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "36" of the Complaint, and deny P.O. Sher assaulted him.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "46" of the Complaint.

47. Deny the allegations set forth in Paragraph "47" of the Complaint.

48. Deny the allegations set forth in Paragraph "48" of the Complaint.

49. Deny the allegations set forth in Paragraph "49" of the Complaint, but admit certain events were captured on video.

50. Deny the allegations set forth in Paragraph "50" of the Complaint.

51. Deny the allegations set forth in Paragraph "51" of the Complaint.

52. Deny the allegations set forth in Paragraph "52" of the Complaint.

53. Deny the allegations set forth in Paragraph "53" of the Complaint.

54. Deny the allegations set forth in Paragraph "54" of the Complaint, and states the quoted content speaks for itself.

55. Deny the allegations set forth in Paragraph "55" of the Complaint and states the quoted content speaks for itself.

56. Deny the allegations set forth in Paragraph "56" of the Complaint and states the quoted content speaks for itself.

57. Deny the allegations set forth in Paragraph "57" of the Complaint and states the CCRB allegations speak for themselves.

58. Deny the allegations set forth in Paragraph "58" of the Complaint and states the referenced lawsuits speak for themselves.

59. Deny the allegations set forth in Paragraph "59" of the Complaint.

60. Deny the allegations set forth in Paragraph "60" of the Complaint.

61. Deny the allegations set forth in Paragraph "61" of the Complaint.

62. Deny the allegations set forth in Paragraph "62" of the Complaint.

63. Deny the allegations set forth in Paragraph "63" of the Complaint.

64. Deny the allegations set forth in Paragraph "64" of the Complaint.

65. Deny the allegations set forth in Paragraph "65" of the Complaint.

66. Deny the allegations set forth in Paragraph "66" of the Complaint.

67. Deny the allegations set forth in Paragraph "67" of the Complaint.

68. Deny the allegations set forth in Paragraph "68" of the Complaint.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint and states the quoted content speaks for itself.

72. Deny the allegations set forth in Paragraph "72" of the Complaint.

73. Deny the allegations set forth in Paragraph "73" of the Complaint.

74. Deny the allegations set forth in Paragraph "74" of the Complaint and state the referenced lawsuits speak for themselves.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint and state the referenced lawsuits speak for themselves.

77. Deny the allegations set forth in Paragraph "77" of the Complaint and state the referenced lawsuits speak for themselves.

78. Deny the allegations set forth in Paragraph "78" of the Complaint and state the referenced lawsuits speak for themselves, and note that the jury awarded Mr. Gersbacher a mere penny, and the City was not required to pay his attorneys' fees, costs and expenses.

79. Deny the allegations set forth in Paragraph "79" of the Complaint and states the quoted content speaks for itself.

80. Deny the allegations set forth in Paragraph "80" of the Complaint.

81. Deny the allegations set forth in Paragraph "81" of the Complaint and states the quoted content speaks for itself.

82. Deny the allegations set forth in Paragraph "82" of the Complaint.

83. Deny the allegations set forth in Paragraph "83" of the Complaint.

84. Deny the allegations set forth in Paragraph "84" of the Complaint.

85. Deny the allegations set forth in Paragraph "85" of the Complaint.

86. Deny the allegations set forth in Paragraph "86" of the Complaint and states the quoted content speaks for itself.

87. Deny the allegations set forth in Paragraph "87" of the Complaint and states the quoted content speaks for itself.

88. Deny the allegations set forth in Paragraph "88" of the Complaint and states the quoted content speaks for itself.

89. Deny the allegations set forth in Paragraph "89" of the Complaint.

90. Deny the allegations set forth in Paragraph "90" of the Complaint and states the quoted content speaks for itself.

91. Deny the allegations set forth in Paragraph "91" of the Complaint.

92. Deny the allegations set forth in Paragraph "92" of the Complaint.

93. Deny the allegations set forth in Paragraph "93" of the Complaint and states the quoted content speaks for itself.

94. Deny the allegations set forth in Paragraph "94" of the Complaint and states the Mayor's press statements speak for themselves.

95. Deny the allegations set forth in Paragraph "95" of the Complaint and states the Police Commissioner's press statements speak for themselves.

96. Deny the allegations set forth in Paragraph "96" of the Complaint.

97. Deny the allegations set forth in Paragraph "97" of the Complaint and states the quoted content speaks for itself.

98. Deny the allegations set forth in Paragraph "98" of the Complaint.

99. In response to the allegations set forth in Paragraph "99" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

100. Deny the allegations set forth in Paragraph "100" of the Complaint.

101. Deny the allegations set forth in Paragraph "101" of the Complaint.

102. In response to the allegations set forth in Paragraph "102" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

103. The allegations set forth in Paragraph "103" of the Complaint are statements of fact to which no response is required.

104. Deny the allegations set forth in Paragraph "104" of the Complaint.

105. Deny the allegations set forth in Paragraph "105" of the Complaint.

106. Deny the allegations set forth in Paragraph "106" of the Complaint.

107. In response to the allegations set forth in Paragraph "107" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

108. The allegations set forth in Paragraph "108" of the Complaint are statements of fact to which no response is required.

109. Deny the allegations set forth in Paragraph "109" of the Complaint.

110. In response to the allegations set forth in Paragraph "110" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

111. The allegations set forth in Paragraph "111" of the Complaint are statements of fact to which no response is required.

112. Deny the allegations set forth in Paragraph "112" of the Complaint.

113. Deny the allegations set forth in Paragraph "113" of the Complaint.

114. Deny the allegations set forth in Paragraph "114" of the Complaint.

115. In response to the allegations set forth in Paragraph "115" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

116. The allegations set forth in Paragraph "116" of the Complaint are statements of fact to which no response is required.

117. The allegations set forth in Paragraph "117" of the Complaint are statements of fact to which no response is required.

118. Deny the allegations set forth in Paragraph "118" of the Complaint.

119. In response to the allegations set forth in Paragraph "119" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

120. The allegations set forth in Paragraph "120" of the Complaint are statements of fact to which no response is required.

121. Deny the allegations set forth in Paragraph "121" of the Complaint.

122. In response to the allegations set forth in Paragraph "122" of the Complaint, Defendants repeat the responses set forth in the preceding Paragraphs of this pleading, as if fully set forth herein.

123. Deny the allegations set forth in Paragraph "123" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

1. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

2. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## THIRD AFFIRMATIVE DEFENSE:

3. Defendants de Blasio and Shea, did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

4. Defendants City of New York, de Blasio, and Shea have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, and Shea violated any act of Congress providing for the protection of civil rights.

**FIFTH AFFIRMATIVE DEFENSE:**

5. To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

**SIXTH AFFIRMATIVE DEFENSE:**

6. Punitive damages cannot be assessed against defendant City.

**SEVENTH AFFIRMATIVE DEFENSE:**

7. Plaintiff provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE:**

8. Plaintiff may have failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

9. Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE:**

10. At all times relevant to the acts alleged in the complaint, defendants de Blasio, Shea, acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE:**

11. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE:

12. Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE:

13. Plaintiff's claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

## CONCLUSION

**WHEREFORE,** defendants City of New York, de Blasio and Shea respectfully requests that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 16, 2021

**GEORGIA M. PESTANA**
Corporation Counsel of the
 City of New York
Attorney for Defendants City, de Blasio and Shea
100 Church Street
New York, N.Y. 10007-2601
212-356-3517

By: *Dara L. Weiss s/*
Dara L. Weiss

**BY ECF:**

All Counsel for Plaintiff